### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**MARIA ARIAS-BENN, ET AL.**                         **CIVIL ACTION**

**versus**                                                              **NO. 05-6269**

**STATE FARM FIRE & CASUALTY**                  **SECTION "C" (5)**
**INSURANCE COMPANY**

### <u>ORDER</u>

Before this Court is Defendant State Farm Fire & Casualty Insurance Company's ("State

Farm") Rule 12(b)(6) Motion to Dismiss, Rule 9(b) Motion to Dismiss, and in the alternative,

Motion for More Definite Statement. (Rec. Doc. 13.) In her complaint, Plaintiff alleges (1)

negligence;[1] (2) breach of contract;[2] (3) breach of fiduciary duty;[3] (4) a violation of the Louisiana

Unfair Trade Practices and Consumer Protection Law contained in La. R.S. 51:1405;[4] (5) fraud;[5] and

---

[1] Rec. Doc. 12 at ¶ 20.

[2] Rec. Doc. 12 at ¶ 14.

[3] Rec. Doc. 12 at ¶ 15.

[4] Rec. Doc. 12 at ¶ 16.

[5] Rec. Doc. 12 at ¶ 17.

(6) misrepresentation.[6] Plaintiff asserts these claims individually and on behalf of a class of State Farm insurance holders who held insurance policies with State Farm and sustained damages to their freezer and/or refrigerator units caused by electrical power outages after Hurricane Katrina that resulted in spoilage of the units' contents, and for whom State Farm failed to reimburse for each units' replacement. State Farm argues that Plaintiff Maria Arias-Benn's ("Plaintiff") complaint should be dismissed because it has failed to allege any provision of the State Farm policy that she argues has been breached, and because she has failed to meet the heightened standard of pleading for fraud and misrepresentation claims, which requires that the claims be stated with particularity. In the alternative, State Farm argues that the Plaintiff should be required to amend her petition pursuant to Federal Rule of Civil Procedure 12(e).

After reviewing the record, the memoranda, and the applicable law, this Court finds that State Farm's Rule 12(b)(6) and Rule 9(b) Motions to Dismiss should be denied, and State Farm's Motion for a More Definite Statement should be granted.

## I. Standards

### Rule 12(b)(6) Standard

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, a district court must accept the factual allegations of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Unless it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim," the

---

[6] Rec. Doc. 12 at ¶ 18.

complaint should not be dismissed for failure to state a claim. *Id*. at 284-285 (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not defeat a motion to dismiss. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (citing *Fernandez-Montes*, 987 F.2d at 284).

## Rule 9(b) Standard

Federal Rule of Civil Procedure 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be state d with particularity." The Fifth Circuit has stated that "[p]leading fraud with particularity in this circuit requires 'time, place and contents of the false representations, as well as the identity of the person making the representation and what [that person] obtained thereby." ' *Williams v. WMX Technologies, Inc*., 112 F.3d 175, 177 (5th Cir. 1997) (*citing Tuchman v. DSC Communications Corp*., 14 F.3d 1061, 1068 (5th Cir. 1995)).

## Rule 12(e) Standard

Rule 12(e) states "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Given the liberal notice pleading standards, Rule 12(e) motions are disfavored. *Gibson v. Deep Delta Contractors, Inc.*, 2000 WL 28174 at *6 (E.D.La. Jan. 13, 2000). A "motion for a more definite statement will not be granted where the moving party can reasonably respond to the non-movant's pleading, but wants the non-movant to plead additional information that could otherwise be later gained through discovery." *Brown v. Maxxam, Inc.*, 1991 WL 13918 at *2 (E.D.La. Jan. 4, 1991) (*citing Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)).

3

## III. Analysis

All of the Plaintiff's claims are grounded in her, and other member's of the class, insurance policies with State Farm. The alleged failure of State Farm to fulfill its obligations under its insurance policies gives rise to all of Plaintiff's claims.[7] Yet nowhere in Plaintiff's complaint does she point to a specific provision of any insurance policy that was breached by State Farm.[8]

State Farm argues that Plaintiff's complaint is defective because it fails to describe a provision of the insurance policy that was breached by State Farm. State Farm correctly notes that "[t]o state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002); *see Bergeron v. Pan Am. Assurance Co.*, 731 So.2d 1037, 1045 (La.App. 4th Cir. 1999). If a plaintiff fails to allege a breach of a specific provision, her complaint may be dismissed for failure to state a claim. *Id.*

State Farm also argues that the Plaintiff has not satisfied the pleading requirements under

---

[7] For example, Plaintiff argues that State Farm committed negligence and breach of fiduciary duty. Plaintiff argues that the failure of State Farm to replace refrigerators was a violation of "defendant's duties as prudent agents, insurer and fiduciaries of the class members' monies and entitlements under their hazard and disaster insurance policies." (Rec. Doc. 12 at ¶ 15.)

[8] The Court also notes that although it can piece together the elements of the Plaintiffs' claims, the Complaint is not ordered so that it is clear which allegation supports which claim. For example, in support of Plaintiff's negligence claim, the allegations constituting the elements of negligence are scattered throughout the complaint. The Court suggests to Plaintiff that it will have an easier time evaluating the claims presented if Plaintiff reorders her complaint so that it is clear which claims she is asserting and which allegations comprise the elements of each claim.

Rule 9(b), which requires plaintiffs to plead the time, place and contents of the false representations, as well as the identity of the person making the representation and what the person obtained as a result of the fraud. In the complaint, Plaintiff stated that the defendant "fraudulently, and deceptively represented itself to the class members as a prudent fiduciary and insurer" and "misled the class by adopting, post-Katrina, an arbitrary 'policy' that no class member's freezer and/or refrigerator will be replaced because, in spite of the adverse effects of putrefaction, it 'smells.'" (Rec. Doc. 12 ¶ 17.) State Farm alleges that this is insufficient to satisfy the requirements of Rule 9(b). As the complaint is currently framed, the Court cannot adequately evaluate whether Plaintiff's claim meets the requirements of Rule 12(b)(6) and Rule 9(b).

However, this Court must resolve all doubts regarding the sufficiency of the claim in favor of Plaintiff, and therefore, declines to grant State Farm's Motions to Dismiss pursuant to Rule 12(b)(6) and 9(b). Instead, the Court finds that it must give the Plaintiff an opportunity to amend her complaint to allege a specific provision of the insurance policy that was breached by State Farm, and to state with more particularity the acts which constituted fraud and misrepresentation. After the Plaintiff amends her complaint, the Court will reconsider a Motion to Dismiss if State Farm chooses to pursue it.

## III. Conclusion

IT IS ORDERED that Defendant State Farm Fire & Casualty Insurance Company's Rule 12(b)(6) Motion to Dismiss and Rule 9(b) Motion to Dismiss are DENIED.

IT IS FURTHER ORDERED that Defendant State Farm Fire & Casualty Insurance

5

Company's Motion for More Definite Statement is GRANTED.

IT IS FURTHER ORDERED that Plaintiff Maria Arias-Benn has 20 days from the date of this Order to file a more detailed complaint in compliance with this Order and Reasons.

New Orleans, Louisiana, this 26th day of April, 2006.

Helen G. Berrigan
United States District Judge